## In re Compensation of Judges Assigned for Judicial Work in Other Districts.

SCHNADER, Special Dep. Att'y-Gen., June 18, 1929.—We have your request to be advised whether section 9 of the Act of May 16, 1929 (Act No. 585), supersedes sections 4 and 5 of the Act of April 27, 1911, P. L. 101.

The Act of April 27, 1911, P. L. 101, provides for the assignment of judges through the Prothonotary of the Supreme Court to assist in the judicial work of districts other than their own.

Sections 4 and 5 of the act are as follows:

"Section 4. Each judge so assigned, and presiding in said court as aforesaid, shall, at the end of the month in which he is so engaged, make and forward to the Auditor General, on a blank form to be furnished for that purpose, the place or places where he presided as judge, the name of the court, number of cases heard, and nature of the same, that is, criminal, civil or in equity, and the number of days engaged.

"Section 5. The said judges, assigned as aforesaid, shall be paid as compensation for so presiding the sum of twenty dollars per day, and car-fare, and no more. No payment shall be made for days consumed in such service of more than expenses and car-fare, unless said judge, so assigned, actually presides in open court, either at argument, hearing, or trial; and no such judge shall preside in another district while an outside judge is sitting in his own district."

The Act of May 16, 1929 (Act No. 585), increased the compensation of all of the judges of Pennsylvania. It is entitled "An act to fix the salaries and compensation of the judges" of the several courts. This is its single subject and only purpose.

Section 9 of the act is as follows: "When any judge learned in the law is called in, as now provided by law, to assist the judge or judges of any other judicial district, such judge so called in shall be entitled to receive for each day he is actually engaged in the performance of such duty the sum of thirty dollars ($30) per day and car-fare."

In effect, you desire to be advised:

1. Whether it is necessary for judges who serve outside of their own districts at the end of each month to make and forward to the Auditor General the report required by section 4 of the Act of April 27, 1911; and

2. Whether the restriction contained in section 5 of the Act of April 27, 1911, limiting the payment of *per diem* compensation to days when a visiting judge actually presides in open court, either at argument, hearing or trial, is still in force.

The Act of May 16, 1929, does not in any way supply, nor is it in any degree inconsistent with, section 4 of the Act of April 27, 1911, and, in our opinion, this section of the Act of 1911 is still in force.

Section 9 of the Act of May 16, 1929, deals with the same subject-matter embraced within section 5 of the Act of April 27, 1911, and, in our opinion, section 9 of the Act of 1929 repeals section 5 of the Act of 1911.

The Act of 1911 provided *per diem* compensation to judges for "presiding" and permitted them to receive "expenses and car-fare" on days when they served outside of their own districts, but were not presiding in open court. The Act of 1929, on the other hand, permits *per diem* compensation to be paid for each day that a visiting judge "is actually engaged in the performance of such duty," and makes no provision for the payment of any expenses other than car-fare.

However, in our opinion, the first four sections of the Act of April 27, 1911, when read with section 9 of the Act of May 16, 1929, limit the compensation to be paid to judges for serving outside of their districts to the days actually expended by such judges outside of their own districts. Section 9 provides compensation when judges are "called in, as now provided by law, to assist the judge or judges of any other judicial district." The compensation provided is

410

for each day the visiting judge is "actually engaged in the performance of such duty." The amount of compensation is $30 per day and car-fare.

In our opinion, a judge cannot be paid compensation, under the Act of 1929, for time expended in his own office, in his own district, on work resulting from a trial, hearing or argument outside of his district. He is entitled to be paid only for the days he actually expends in another district, but for such days he may be paid even though he does not preside in open court.

From C. P. Addams, Harrisburg, Pa.